IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK



UNITED STATES OF AMERICA

v.  23-CR-6107

LOUIS P. FERRARI II,

    Defendant.

# PLEA AGREEMENT

The defendant, LOUIS P. FERRARI II, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

## I. THE PLEA AND POSSIBLE SENTENCE

1. The defendant agrees to plead guilty to Count 1 of the Indictment, which charges a violation of Title 18, United States Code, Section 371 Conspiracy to Transmit Wagering Information in Interstate Commerce and Conduct an Illegal Gambling Business) for which the maximum possible sentence is a term of imprisonment of 5 years, a fine of $250,000, a mandatory $100 special assessment, and a term of supervised release of 3 years. The defendant understands that the penalties set forth in this paragraph are the maximum penalties that can be imposed by the Court at sentencing.

2. The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required to serve in prison all or part of the term of supervised release, up to 2 years, without credit for

time previously served on supervised release. As a consequence, in the event the defendant is sentenced to the maximum term of incarceration, a prison term imposed for a violation of supervised release may result in the defendant serving a sentence of imprisonment longer than the statutory maximum set forth in ¶ 1 of this agreement.

## II.   ELEMENTS AND FACTUAL BASIS

3.   The defendant understands the nature of the offense set forth in ¶ 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crime:

- a. First, that two or more persons entered the unlawful agreement charged in the Indictment;

- b. Second, that the defendant knowingly and willfully became a member of the conspiracy;

- c. Third, that one of the members of the conspiracy knowingly committed at least one of the overt acts charged in the Indictment; and

- d. Fourth, that the overt act was committed to further some objective of the conspiracy.

## FACTUAL BASIS

4.   The defendant and the government agree to the following facts, which form the basis for the entry of the plea of guilty including relevant conduct:

- a. Beginning on or before April 25, 2019, through and including on or about April 17, 2021, in the Western District of New York and elsewhere, the defendant LOUIS P. FERRARI II knowingly and willfully combined, conspired, confederated, and agreed with Dominic Sprague, Anthony Amato, Tomasso Sessa, Joseph Lombardo, Jeffrey Boscarino, James Civiletti, and others to violate Title 18, United States Code, Section 1084(a) and Title 18, United States Code, Section 1955.

2

b. It was a part and object of the conspiracy that FERRARI, Sprague, Amato, Sessa, Lombardo, Boscarino, Civiletti, and others:

   i. being engaged in the business of betting and wagering, did knowingly use a wire communication facility for the transmission in interstate and foreign commerce of bets and wagers, information assisting in the placing of bets and wagers, communication which entitled the recipient to receive money and credit as a result of a bet and wager, and for information assisting in the placing of bets and wagers on a sporting event and contest, in violation of Title 18, United States Code, Section 1084(a); and

   ii. did conduct, finance, manage, supervise, direct, and own all or part of an illegal gambling business, to wit, an bookmaking business, which gambling business was a violation of the laws of the State of New York, to wit, New York Penal Law §§ 225.05 and 225.15, and which involved five or more persons who conducted, financed, managed, supervised, directed, and owned all or part of said illegal gambling business, and which remained in substantially continuous operation for a period in excess of thirty days and had a gross revenue of $2,000.00 in any single day, in violation of Title 18, United States Code, Section 1955.

c. In furtherance of the conspiracy and to effect the illegal objects thereof, FERRARI and Amato created accounts for Sprague, Boscarino, and Lombardo on sport700.com.

d. sport700.com is a website for placing and tracking bets on sports events. The servers for sport700.com are located in Costa Rica. Therefore, whenever an individual located in the United States creates an account or password or places, changes, or deletes a bet on the sport700.com website, that individual is transmitting a wire communication in foreign commerce.

e. Beginning on or before April 25, 2019, through and including on or about April 17, 2021, Sprague, Boscarino, and Lombardo engaged in wire communications including phone calls and text messages with FERRARI in which Sprague, Boscarino, and Lombardo asked FERRARI to place, edit, and remove bets on sporting events for individual bettors on sport700.com.

f. Sprague, Boscarino, and Lombardo initiated the wire communications by placing phone calls and sending text messages to FERRARI from the Western District of New York.

3

g. On certain dates, including January 10, 2021, and January 11, 2021, FERRARI received the wire communications while located in Florida.

h. FERRARI also made phone calls and sent text messages to Amato in which FERRARI asked Amato to create accounts, change passwords, and place, edit, and remove bets for Sprague, Boscarino, Lombardo, and individual bettors on sport700.com.

i. FERRARI, Sprague, Boscarino, and Lombardo collected gambling winnings from individual bettors and paid gambling losses to individual bettors in cash and through online payment applications, including CashApp, PayPal, Venmo, and Zelle.

j. CashApp, PayPal, Venmo, and Zelle are Internet-based payment applications. The servers for CashApp, PayPal, Venmo, and Zelle are located outside of the State of New York. Therefore, whenever an individual located in New York transmits funds using CashApp, PayPal, Venmo, or Zelle, that individual is transmitting a wire communication in interstate commerce.

k. After Sprague, Boscarino, and Lombardo collected gambling winnings from individual bettors, they kept a portion of those winnings and paid the remainder to FERRARI.

l. Sessa and Civiletti also collected gambling winnings from and paid gambling losses to individual bettors in cash and through online payment applications, including CashApp, PayPal, Venmo, and Zelle.

m. After Sessa and Civiletti collected gambling winnings from individual bettors, they paid the winnings to Sprague and FERRARI.

### III. SENTENCING GUIDELINES

5. The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

## BASE OFFENSE LEVEL

6. The government and the defendant agree that Guidelines § 2E3.1(a)(2) applies to the offense of conviction and provides for a base offense level of 12.

## ACCEPTANCE OF RESPONSIBILITY

7. At sentencing, the government agrees not to oppose the recommendation that the Court apply the two (2) level decrease of Guidelines § 3E1.1(a) (acceptance of responsibility), which would result in a total offense level of 10.

## CRIMINAL HISTORY CATEGORY

8. It is the understanding of the government and the defendant that the defendant's criminal history category is I. The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action the defendant's criminal history category may increase. The defendant understands that the defendant has no right to withdraw the plea of guilty based on the Court's determination of the defendant's criminal history category.

## ADJUSTMENT FOR ZERO-POINT OFFENDER

9. It is the understanding of the government and the defendant that the defendant meets the criteria set forth in Guidelines Section 4C1.1(a)(1) – (10) (Adjustment for Certain Zero-Point Offenders), and as a result, a two-level downward adjustment applies, and the adjusted offense level is 8.

## GUIDELINES' APPLICATION, CALCULATIONS AND IMPACT

10. It is the understanding of the government and the defendant that, with a total offense level of 8 and criminal history category of I, the defendant's sentencing range would be **a term of imprisonment of 0 to 6 months, a fine of $2,000 to $20,000, and a period of supervised release of 1 to 3 years**. Notwithstanding this, the defendant understands that at sentencing the defendant is subject to the maximum penalties set forth in ¶ 1 of this agreement.

11. Notwithstanding the above calculations, it is the agreement of the parties that pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, that the Court at the time of sentence impose a term of imprisonment of **0 to 6 months** as part of the appropriate sentence in this case. If, after reviewing the presentence report, the Court rejects this agreement, the parties will be relieved of their other obligations under this agreement and the defendant shall then be afforded the opportunity to withdraw the plea of guilty. This agreement does not affect the period of supervised release or the amount of a fine that may be imposed by the Court at sentencing.

12. The defendant understands that, except as listed in paragraph 11 above, the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement and the defendant will not be entitled to withdraw the plea of guilty based on the sentence imposed by the Court.

13. In the event the Court contemplates any Guidelines adjustments, departures, or calculations different from those agreed to by the parties above, the parties reserve the right to answer any inquiries by the Court concerning the same.

## IV. STATUTE OF LIMITATIONS

14. In the event the defendant's plea of guilty is withdrawn, or conviction vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any federal criminal offense which is not time barred as of the date of this agreement. This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty plea or vacating of the conviction becomes final.

## V. REMOVAL

15. The defendant represents that he is a citizen of the United States. However, if the defendant is not a citizen of the United States, the defendant understands that, if convicted, the defendant may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

## VI. GOVERNMENT RIGHTS AND OBLIGATIONS

16. The defendant understands that the government has reserved the right to:

   a. provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

   b. respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

      c.    advocate for a specific sentence consistent with the terms of this agreement including the amount of restitution and/or a fine and the method of payment;

      d.    modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information, including conduct and statements by the defendant subsequent to this agreement, regarding the recommendation or factor;

      e.    oppose any application for a downward departure and/or sentence outside the Guidelines range made by the defendant.

17.    At sentencing, the government will move to dismiss the open counts of the Indictment in this action as against the defendant.

## VII.   APPEAL RIGHTS

18.    The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than **a term of imprisonment of 0 to 6 months, a fine of $2,000 to $20,000, and a period of supervised release of 1 to 3 years**, notwithstanding the manner in which the Court determines the sentence. In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence.

19.    The defendant understands that by agreeing not to collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

20. The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than **a term of imprisonment of 0 to 6 months, a fine of $2,000 to $20,000, and a period of supervised release of 1 to 3 years**, notwithstanding the manner in which the Court determines the sentence. However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

### VIII. FORFEITURE PROVISIONS

21. Prior to or immediately after the entry of a plea of guilty as a condition of the plea, the defendant agrees not to contest any forfeiture or abandonment proceeding that has been brought by the government and agrees to immediately criminally forfeit all of the defendant's right, title and interest to any and all properties which are subject to forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461 which is in the possession and control of the defendant or the defendant's nominees. That property includes:

### A. MONEY JUDGMENT

    a. i. The sum of one hundred and fifty thousand dollars ($150,000.00) United States currency, that represents proceeds that the defendant obtained from his involvement in the criminal conduct, which if not readily available will become a monetary judgment and will serve as a lien against the defendant's property, wherever situated, with interest to accrue at the prevailing rate per annum until fully satisfied in the event this amount is not located. However, the defendant agrees, as part of this agreement that the defendant will make, or cause to be made, a payment to the government in the total amount of seventy five thousand dollars ($75,000.00) United States currency in the form of a certified check, prior to, but no later than, the time of the plea, and the remaining amount of seventy five thousand dollars ($75,000.00) United States currency in the form of a certified check, prior to, but no later than the time of sentencing, for a total amount of one hundred and fifty thousand

9

dollars ($150,000.00) United States currency, in substitution for the monetary judgment and lien against the defendant's property. The defendant agrees and understands that if said payments are not received by the government on, or prior to, the plea and sentencing, a monetary judgment for the sum of one hundred and fifty thousand dollars ($150,000.00) United States currency, less any payments made, will be entered by the Court. If the full payment in the amount of one hundred and fifty thousand dollars ($150,000.00) United States currency been made to the government, no monetary judgment will be entered against the defendant at the time of sentencing.

22. The defendant also agrees that the monetary amount ($150,000.00) listed above is properly forfeitable to the government pursuant to Title 18, United States Code, Sections 981(a)(1)(C), and Title 28, United States Code, Section 2461(c) and based upon the acts of the defendant, it is no longer available for forfeiture, and thus the government has the right to seek forfeiture of substitute assets of the defendant pursuant Title 21, United States Code, Section 853(p). The defendant understands and agrees that the Court, at the time of sentencing, will order a Forfeiture Money Judgment which is due and payable in full immediately and subject to immediate enforcement by the government.

23. All payments made by the defendant toward the Forfeiture Money Judgment shall be made by money order, certified check and/or official bank check, payable to the "U.S. Customs & Border Protection." The defendant shall cause said payment(s) to be hand delivered or to be sent by overnight mail delivery to the United States Attorney's Office, Western District of New York, Asset Recovery Department, with the criminal docket number noted on the face of the instrument. The defendant consents to the restraint of all payments made toward the Forfeiture Money Judgment. The defendant also waives all statutory deadlines, including but not limited to deadlines set forth in Title 21, United States Code, Section 983. The defendant agrees to fully assist the government in effectuating the payment

of the Forfeiture Money Judgment, by among other things, executing any documents necessary to effectuate any transfer of title to the United States. The defendant agrees that any funds and assets in which the defendant has an interest, which have been seized or restrained by the government or law enforcement as part of the investigation underlying this plea agreement, will be used to offset any Forfeiture Money Judgment imposed pursuant to this plea agreement, or to satisfy any debts owed by the defendant to the government and/or agencies thereof.

24. The defendant further acknowledges that if the defendant cannot pay the full amount immediately, the defendant agrees that the conditions of Title 21, United States Code, Section 853(p) have been satisfied, and thus the government has the right to seek forfeiture of substitute assets of the defendant pursuant to Title 21, United States Code, Section 853(p) and Federal Rule of Criminal Procedure 32.2(e)(1)(B).

25. The defendant agrees to fully assist the government in the identification and recovery of any property of the defendant to satisfy such judgment. The defendant agrees to the forfeiture of such property and will take whatever steps are necessary to pass clear title to the government, including, but not limited to, surrender of title and execution of any documents necessary to transfer the defendant's interest to the government. The defendant agrees to waive notice and not to object to any motions made by the government for substitute assets. Further, the defendant consents to the entry of any such order of forfeiture for substitute assets.

26. The defendant understands and agrees that unless the Forfeiture Money Judgment is paid in full immediately, federal law allows agencies to refer debts to the United

States Department of the Treasury for the purpose of collecting debts through the Treasury Offset Program ("TOP"). Under this program, the Department of the Treasury will reduce or withhold any of the defendant's eligible Federal payments by the amount of the defendant's debt. This "offset" process is authorized by the Debt Collection Act of 1982, as amended by the Debt Collection Improvement Act of 1996 and the Internal Revenue Code. The government hereby provides the defendant notice that 60 days after sentencing, the government will refer the outstanding Forfeiture Money Judgment to TOP for the offset of any pending federal payments and waives any further notice. The defendant agrees not to object or challenge any offset taken through TOP.

27. The defendant agrees not to file a claim or petition seeking remission or contesting the forfeiture of any property against which the government seeks to satisfy the Forfeiture Monetary Judgment in any administrative or judicial (civil or criminal) proceeding. The defendant further agrees not to assist any person or entity in the filing of any claim or petition seeking remission or contesting the forfeiture of any property against which the government seeks to satisfy the Forfeiture Money Judgment in any administrative or judicial (civil or criminal) forfeiture proceeding.

28. To the extent that the defendant has an interest, the defendant authorizes the District Court Clerk to release any funds posted as security for the defendant's appearance bond in this case, not already being applied to restitution, which funds shall be applied to satisfy the Forfeiture Money Judgment.

29. After the acceptance of the defendant's guilty plea, and pursuant to Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the Court will issue a Preliminary

Order of Forfeiture for the property listed above. The defendant hereby waives any right to notice of such Preliminary Order of Forfeiture. The defendant further consents and agrees that the Preliminary Order of Forfeiture and a Final Order of Forfeiture shall issue and become final as to the defendant prior to sentencing and agrees that it shall be made part of the defendant's sentence and included in the judgment pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure. The defendant further agrees to waive any time restrictions or requirements as provided in Title 18, United States Code, Section 983, any notice provisions in Rules 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant knowingly and voluntarily waives his right to any required notice concerning the forfeiture of any monies and/or properties forfeited hereunder, including notice set forth in an indictment, information, or administrative notice. The defendant acknowledges that the defendant understands that the forfeiture of property is part of the sentence that may be imposed in this case and waives any failure by the Court to advise the defendant of this, pursuant to Rule 11(b)(1)(J), at the time the guilty plea is accepted. Forfeiture of the defendant's property shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

30. The defendant knowingly, intelligently, and voluntarily waives his right to a jury trial on the forfeiture of the property. The defendant knowingly, intelligently, and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture of the property in any proceeding, whether constitutional or statutory, including but not limited to, any defenses based on principles of double jeopardy, as to this criminal proceeding or any

related civil or administrative proceeding, the Ex Post Facto clause of the Constitution, any applicable statute of limitations, venue, or any defense under the Eighth Amendment, including a claim of excessive fines.

31. The defendant agrees that the above-described property is subject to forfeiture and waives any and all statutory and constitutional rights, including but not limited to time restrictions and notice provisions with respect to the final disposition or forfeiture of the above property.

32. The defendant further agrees that the forfeiture of the aforementioned property as authorized herein shall not be deemed an alteration of the defendant's sentence. Forfeiture of the defendant's property shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, any income taxes or any other penalty that the Court may impose upon the defendant in addition to forfeiture and shall survive bankruptcy.

33. The defendant agrees that in the event this plea agreement is voided for any reason, the agreement for forfeiture, abandonment and disposition of the $1,241,172.00 in United States currency will survive and shall be given full force and effect. The failure of the defendant to forfeit any property as required under this agreement, including the failure of the defendant to execute any document to accomplish the same on timely notice to do so, may constitute a breach of this agreement.

34. The defendant agrees that for any reason, in any pleadings before the Court or any order of the Court, to include but not limited to the Preliminary and/or Final Order of Forfeiture and the Judgment and Commitment, if the government fails to properly identify an item to be forfeited, fails to include any item that is forfeitable under the applicable forfeiture

statute in this case or includes a clerical or technical error, the defendant will consent and not oppose any effort by the government to amend, correct or add to the description/list of items subject to forfeiture in this case. Additionally, to the extent necessary and at the discretion of the United States Attorney's Office, the defendant further agrees in the alternative, to the abandonment or civil forfeiture of any items that were excluded from the original description of items to be forfeited. Finally, if not specially identified or listed above, the defendant agrees to the abandonment of any and all cellular phones seized by law enforcement in this case.

## IX.   TOTAL AGREEMENT AND AFFIRMATIONS

35. This plea agreement represents the total agreement between the defendant, **LOUIS P. FERRARI II**, and the government. There are no promises made by anyone other than those contained in this agreement. This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

TRINI E. ROSS
United States Attorney
Western District of New York

BY: _____
MELISSA MARANGOLA
Assistant United States Attorney

Dated: May 13, 2024

I have read this agreement, which consists of pages 1 through 16. I have had a full opportunity to discuss this agreement with my attorney, Joseph S. Damelio, Esq. I agree that it represents the total agreement reached between me and the government. No promises or representations have been made to me other than what is contained in this agreement. I understand all of the consequences of my plea of guilty. I fully agree with the contents of this agreement. I am signing this agreement voluntarily and of my own free will.

_____
LOUIS P. FERRARI II
Defendant

Dated: May 13, 2024

_____
JOSEPH S. DAMELIO, ESQ.
Attorney for the Defendant

Dated: May 13, 2024